**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1546

SOO KYANG KIM,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-729-173)

Submitted: December 12, 2005          Decided: December 30, 2005

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Lawrence S. Kerben, Kew Gardens, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Aaron J. Burstein, N. Christopher Hardee, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM.

Soo Kyang Kim, a native and citizen of South Korea, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of a motion to reopen. Kim sought rescission of a final order of removal entered in absentia. She claimed reopening was warranted because her absence was due to her failure to receive adequate notice of the hearing, and due to ineffective assistance of counsel, an exceptional circumstance beyond her control.[*] We deny the petition for review.

We review the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2005); INS v. Doherty, 502 U.S. 314, 323-24 (1992). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). We find the Board did not abuse its discretion in denying the motion.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

_____

[*]Kim seeks to argue in this court that counsel was ineffective in failing to accurately notify her of the need for her to attend the hearing. As this claim was not raised before the Board, we have no jurisdiction to consider the argument because Kim failed to satisfy the exhaustion requirement of 8 U.S.C. § 1252(d) (2000). See Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 125 S. Ct. 861 (2005).

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED